UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHAD J. PAISER
         **Plaintiff,**

         v.                                    Case No. 05-C-602

JO ANNE B. BARNHART,
 Commissioner of Social Security,
         **Defendant.**

## DECISION AND ORDER

On December 7, 2006, following the entry of judgment reversing the decision of the Commissioner denying Chad Paiser's application for benefits and remanding the case to the Commissioner for further proceedings, the plaintiff moved for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). Plaintiff asks for an award in the total amount of $10, 310.31, which includes time spent in relation to the petition for fees. The amount has been calculated upon the hours expended and the statutory rate of $125.00 per hour, but adjusted upward based upon the "all items" index of the Consumer Price Index. Varying adjustments are made since counsel's time on this case commenced in 2004. The Commissioner has responded to the motion by objecting to any award of fees and costs or, in the alternative, by submitting that the fee request is unreasonably high.

The threshold issue to resolve is whether or not the position of the Commissioner was substantially justified. "Substantially justified" means that the Commissioner's position was "'justified in substance or in the main' - that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 108 S.Ct. 2541, 2550 (1988) (citation omitted.) Only a single determination

is to be made, which means that both the agency's pre-litigation conduct and litigation position must be evaluated. Commissioner, Immigration and Naturalization Service v. Jean, 110 S. Ct. 2316, 2320 (1990).

In finding that the Commissioner's decision was not supported by substantial evidence, the court primarily focused on the ALJ's finding, at Step Two, that the claimant's mental impairments were not severe. In remanding this matter, the court observed that the determination that Paiser did not suffer from a severe mental impairment probably affected the analysis at subsequent stages of the sequential analysis. While the court found that other steps of the analysis were not supported by substantial evidence, the failure to consider Paiser's mental impairments was a factor.

The Commissioner argues that, even though the ALJ failed to make this finding, evidence of mental impairments was still considered at subsequent steps. The court does not concur with this assessment, and this was stated in its decision. For example, at Step Four, the court said, "It appears that the ALJ's determination that Paiser could return to his position with the DNR is a product of his finding that Paiser's mental impairments were not severe, . . ." See Decision and Order of September 8, 2006 at p. 16. Other similar examples could be provided.

The fact that this court concluded that the Commissioner's decision was not supported by substantial evidence does not automatically mean that it was not "substantially justified." In this case, however, the determination at Step Two that Paiser did not suffer from a severe mental impairment is not substantially justified. As stated in the court's decision and order, SSR 85-28 instructs that a claim should be denied at this step in the analysis only if the medical evidence clearly establishes that the individual's impairments do not have more than a minimal effect on the person's physical or mental abilities to perform basic work activities. The court went on to outline the medical evidence

from four different doctors who concluded that Paiser had a mental impairment of some sort. In fact, Dr. Klein prescribed treatment for Paiser's mental impairment. For the ALJ to determine in the face of this medical evidence that Paiser's mental impairments were not severe is not substantial justified.

Therefore, the court concludes that the plaintiff is entitled to an award under the EAJA, but not in the amount requested. Here, the court concurs with the alternate position of the Commissioner - the fees sought by the plaintiff are not reasonable in that the overall number of hours expended in this matter are excessive. The total number of hours for which compensation is sought, including attorney, paralegal and law clerk time is 90 hours.

Plaintiff contends that a total of 90 hours in itself is not an unreasonable amount of time to obtain the outcome in this case. While the plaintiff did obtain a remand, the matter itself was not that complex factually or legally. Plaintiff's counsel submits that he raised and briefed five separate issues. This is not unusual in Social Security cases where the claimant often raises numerous issues. Rarely does a claimant limit his or her challenge to one of two issues. The broad sword approach is more common than use of a rapier. But in this case, despite the multiplicity of issues raised, the crux of the remand centered on the Commissioner's erroneous determination at Step Two. The amount of time plaintiff's counsel devoted to all of the other issues raised in this case was not necessary.

The Commissioner in her response brief presents the results of a survey conducted of Social Security disability cases litigated in the district courts in this circuit. According to the Commissioner's survey of cases in which fees under the EAJA were approved, the hourly range is from 45 to 60. In reply, plaintiff's counsel sets forth the results of his informal survey. Of course, neither survey was conducted in a scientific manner, and both are basically anecdotal. What is interesting, however, is that, even looking at the results of plaintiff's survey, in only one case from this circuit were more than

90 hours expended, and that also included work at the appellate level. The other case cited in which more than 90 hours were expended was from the District of Hawaii.

In reviewing the plaintiff's billing records, the court concludes that much of the time spent was both duplicative and unnecessary. First of all, the court acknowledges that plaintiff's counsel is a very experienced litigator in this area. However, of the 90 hours devoted to this case, only 14.45 hours, or 16% of the total were expended by Attorney Daley. The rest of the time was attributed to the law firm's law clerks/paralegal. In plaintiff's reply brief, Daley states that both of his law clerks, one is now an attorney, were experienced in assisting him in Social Security cases; one is also a certified paralegal.

Despite Daley's assertions of the experience of his law clerks, it appears that they spent an inordinate amount of time preparing this case. The local rules of this district impose page limits on briefs, limits which cannot be exceeded without receiving permission in advance from the court. The billing records disclose that a portion of Daley's time was spent in "trying to reduce the brief's size." However, despite his efforts, an oversized brief was submitted without receiving permission from the court. This resulted in the Commissioner's request to file an oversized brief in response, and the claimant's similar request to file an oversized reply brief. The court granted both requests, but observed that "excess begets excess." To this court, plaintiff's excessive briefing indicates that the law clerks were not even attempting to limit and hone their presentation, but were simply piling on.

Even though it is often cost efficient to utilize law clerks or paralegals, supervision is still required and this entails time, and some of this time may be duplicative. Such extra time, while necessary from the standpoint of the supervising attorney should not be the Commissioner's financial responsibility under the EAJA. For example, the time records disclose that one law clerk is reviewing

the work of the other, and the attorney is charging for time devoted to "preparing an outline, and tag sections for easy reference when discussing case with law clerk."

Suffice it to say, in the opinion of this court, spending a total of 90 hours to prosecute this case was neither necessary nor reasonable. This raises the question of how should the plaintiff's submission be pared to make it reasonable and necessary. Since this is a petition that utilizes different hourly rates and varying hours at each rate, the most expeditious manner is to take an across the board approach and simply reduce the total. The court believes that one-third of the time is excess and will reduce the petition accordingly. The court will reduce the total claimed in the amount of $3,433.00.

THEREFORE, the plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act is GRANTED, but only in the amount of $6,877.00. The judgment shall be amended accordingly.

Dated at Milwaukee, Wisconsin, this <u>13th </u>day of February, 2007.


BY THE COURT:

<u>s/AARON E. GOODSTEIN</u>
U.S. MAGISTRATE JUDGE